

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN HENRY PAGE,                          )
                                          )
                    Petitioner,           )          3:08-cv-0536-RCJ-VPC
                                          )
vs.                                       )
                                          )          ORDER
JACK PALMER, *et al.*,                    )
                                          )
                    Respondents.          )
_____/

       This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner John Page, a Nevada prisoner.  Before the Court is respondents' motion to dismiss (docket #15).

**I. Procedural History**

       On December 16, 1982, petitioner was indicted in the Eighth Judicial District Court for Clark County with attempted robbery with the use of a deadly weapon and murder with the use of a deadly weapon.  Exhibit A.[1]  Petitioner entered into a guilty plea to second degree murder. Exhibit B.  The attempted robbery count was dismissed.  *Id.*  Petitioner was convicted on January 19, 1983.  *Id.*  On March 7, 1983 the state district court sentenced petitioner to life imprisonment with the possibility of parole.  *Id.*  A judgment of conviction was entered on March 11, 1983.  *Id.*  Petitioner

_____

    [1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #15.

1  did not appeal his judgment of conviction.

2       On June 13, 2007, petitioner filed a petition for writ of habeas corpus, alleging (1) his

3  conviction was invalid under the federal constitutional guarantees of due process, equal protection,

4  and the effective assistance of counsel because of his absence during the grand jury proceedings, (2)

5  his plea was not entered knowingly, intelligently, and voluntarily as he was not competent to enter

6  into a guilty plea agreement, (3) he was deprived of his right to due process and his right to counsel

7  as he was never advised of his right to appeal his conviction, (4) his guilty plea was not knowingly,

8  intelligently, and voluntarily entered into as counsel told petitioner he would not receive more than

9  five years in prison, (5) the trial court denied petitioner his rights to equal protection and due process

10  when it accepted his guilty plea and sentenced him without advising him of his right to appeal, (6) he

11  was denied his Fifth, Sixth, and Fourteenth Amendment rights to the effective assistance of counsel

12  when counsel failed to properly advise him of the consequences of his plea and failed to effectively

13  communicate with him, and (7) he was denied his Fifth, Sixth, and Fourteenth Amendment rights to

14  the effective assistance of counsel when counsel failed to consult with him regarding his right to

15  appeal, and failed to file a notice of appeal on his behalf. Exhibit C.

16       The state district court dismissed the habeas corpus petitioner as untimely. Exhibit D.

17  Petitioner appealed the dismissal. *Id.*  On April 24, 2008, the Nevada Supreme Court affirmed the

18  lower court's dismissal of his state habeas corpus petition, finding that the petition was untimely as it

19  was filed more than twenty-four years after entry of the judgment of conviction and more than

20  thirteen years after the effective date of NRS 34.726. *Id.* The court also found that petitioner had

21  not shown cause and prejudice for the delay, as counsel's failure to advise petitioner of his rights to a

22  direct appeal did not constitute good cause to excuse an untimely habeas petition. *Id.* Remittitur

23  issued on May 20, 2008. Exhibit E.

24       Petitioner mailed a federal habeas corpus petition to this Court on June 20, 2008

25  (docket #10). Respondents have moved to dismiss the petition, arguing the petition is untimely, or

26  alternatively, that the grounds were procedurally defaulted (docket #15). Petitioner opposes the

2

1   motion to dismiss (docket #21).

2   **II. Motion to Dismiss**

3       **A. AEDPA Statute of Limitations**

4           The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

5   controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of

6   federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute

7   provides:

8               (d)(1) A 1-year period of limitation shall apply to an application
                for a writ of habeas corpus by a person in custody pursuant to the
9               judgment of a State court.  The limitation period shall run from the
                latest of–
10
                    (A) the date on which the judgment became final by the
11                  conclusion of direct review or the expiration of the time for
                    seeking such review;
12
                    (B) the date on which the impediment to filing an
13                  application created by State action in violation of the
                    Constitution or laws of the United States is removed, if the
14                  applicant was prevented from filing by such State action;

15                  (C) the date on which the constitutional right asserted was
                    initially recognized by the Supreme Court, if the right has
16                  been newly recognized by the Supreme Court and made
                    retroactively applicable to cases on collateral review; or
17
                    (D) the date on which the factual predicate of the claim or
18                  claims presented could have been discovered through the
                    exercise of due diligence.
19
                (2) The time during which a properly filed application for State
20              post-conviction or other collateral review with respect to the
                pertinent judgment or claim is pending shall not be counted toward
21              any period of limitations under this subsection.

22
    28 U.S.C. § 2244(d).  For convictions that became final prior to the enactment of the AEDPA, a
23
    petitioner had until April 24, 1997 to file a federal habeas corpus petition.  *Patterson v. Stewart*, 251
24
    F.3d 1243 (9th Cir. 2001).
25
            The AEDPA limitations period is tolled while a "properly filed application" for post-
26
    conviction or other collateral relief is pending before a state court.  28 U.S.C. § 2244(d)(2).  The

                                                3

1 United States Supreme Court has stated that to be properly filed, a petitioner must comply with a

2 state's time limits for filing an application for post conviction or other collateral relief. *Pace v.*

3 *DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing'

4 conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the

5 petition is not "properly filed" under the statute and statutory tolling is not proper).

6 **B. Application to the Instant Case**

7 In the present case, petitioner was convicted on January 19, 1983.  A judgment of

8 conviction was entered prior to the enactment of the AEDPA on March 11, 1983.  Therefore,

9 petitioner had until April 24, 1997, to file a federal habeas corpus petition, unless the limitations

10 period was otherwise tolled.  There is no indication that petitioner filed any post-conviction petitions

11 or motions in the state courts that tolled the time for filing a federal petition.  Petitioner filed a state

12 habeas corpus petition on June 13, 2007.   This state petition was not properly filed and thus did not

13 toll the time for filing a federal habeas corpus petition, as the state courts found the petition was

14 untimely filed. *Pace*, 544 U.S. at 414-17.  Moreover, petitions  filed after the one-year time limitation

15 has already expired do not toll the limitations period. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.

16 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already

17 run).

18 The federal habeas corpus petition was untimely filed by approximately ten years.  The

19 petition is untimely and will be dismissed unless the petitioner can show that he is entitled to equitable

20 tolling of the limitations period.

21 **C. Equitable Tolling**

22 The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon*

23 *v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on*

24 *other grounds, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998).

25 Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it

26 impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.  Generally, a litigant seeking

4

1  equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

2  rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v.*

3  *DiGuglielmo*, 544 U.S. 408, 418 (2005).

4         Petitioner states that this Court should consider his petition because he had a right to a

5  direct appeal under Nevada law and was deprived of that right.  Petitioner has not shown that the

6  limitations period should be equitably tolled.  Trial counsel's alleged failure in filing an appeal or in

7  advising petitioner of his direct appeal rights is not an extraordinary circumstance warranting

8  equitable tolling.  *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).  Petitioner has not

9  shown that the limitations period should be equitably tolled.  The Court will grant the motion to

10  dismiss the petition, as the federal petition was untimely filed.  The Court will not address

11  respondents' arguments that the claims were procedurally defaulted.

12  **III. Certificate of Appealability**

13         In order to proceed with an appeal from this Court, petitioner must receive a

14  certificate of appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial

15  showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The

16  Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the

17  district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529

18  U.S. 473, 484 (2000).

19         Where a court has dismissed a petitioner's habeas corpus petition on procedural

20  grounds, however, the determination of whether a certificate of appealability issues becomes a two-

21  part test.  The Supreme Court has stated that under such circumstances:

22         A COA should issue when the prisoner shows...that jurists of reason
       would find it debatable whether the petition states a valid claim of the
23         denial of a constitutional right and that jurists of reason would find it
       debatable whether the district court was correct in its procedural ruling.
24
   *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003).  Therefore, in order to obtain a
25
   COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that
26
   he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether

1   the court's procedural ruling was correct.  In cases where there is a plain procedural bar to a

2   petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the

3   case, "a reasonable jurist could not conclude either that the district court erred in dismissing the

4   petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.

5          In the present case, petitioner's habeas petition is being dismissed as the petition was

6   untimely filed.  The Court did not reach the merits of petitioner's claims.  No reasonable jurist could

7   conclude that this Court's ruling was in error.  Petitioner is not entitled to a certificate of

8   appealability.

9          **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #15)

10  is **GRANTED**.  The Court finds that the federal habeas corpus petition was untimely filed.

11         **IT IS FURTHER ORDERED** the petition (docket #10) is **DISMISSED WITH**

12  **PREJUDICE**.

13         **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of

14  appealability.

15         DATED this **27** day of October, 2009.

16

17

18                                  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

6